■ JOHNNY McCAULEY, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendants. [648 NYS2d 999] —In an action, inter alia, to recover damages for assault, the defendant New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), entered November 16, 1995, as denied that branch of its motion for summary judgment which was to dismiss the cause of action to recover damages for assault insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In his complaint, the plaintiff alleged, inter alia, that two police officers employed by the defendant New York City Housing Authority (hereinafter NYCHA) assaulted him while placing him under arrest. In its motion for summary judgment, NYCHA contended, among other things, that its officers were permitted, pursuant to Penal Law § 35.30, to use reasonable force to effect an arrest where a person is resisting arrest, and therefore, as a matter of law, the plaintiff could not state a cause of action to recover damages for assault.

To obtain summary judgment it is necessary that the movant establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor, and it must do so by tender of evidentiary proof in admissible form (CPLR 3212 [b]; see, Zuckerman v City of New York, 49 NY2d 557, 562). NYCHA failed to sustain its initial burden

of establishing its defense as a matter of law, since the only admissible evidence presented was the complaint prepared by one of the defendant officers which offered no evidence of the reasonableness of the officers' actions at the time of the arrest. Under the circumstances, the Supreme Court properly denied the branch of the motion by NYCHA for summary judgment which was to dismiss the cause of action to recover damages for assault insofar as asserted against it. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.